IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 23-03004-01-CR-S-SRB |
| | ) | |
| EZEKIEL JOSIAH KING, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT & RECOMMENDATIONS**

Before the Court is Defendant's Motion to Dismiss the Indictment Based on the Unconstitutionality of 18 U.S.C. § 922(g)(3) with Brief in Support. (Doc. 39.) This action has been referred to the undersigned for the purpose of submitting a report on all pretrial motions to dismiss. As follows, it is **RECOMMENDED** that the Motion be **DENIED**.

I.  Background

Defendant has been charged by indictment with one count of possession of a firearm by an unlawful user of a controlled substance, in violation of 18 U.S.C. § 922(g)(3) and 924(a)(2), and one count of possession of a firearm by an unlawful user of a controlled substance, in violation of 18 U.S.C. § 922(g)(3) and 924(a)(8). (Doc. 13.)

In his Motion, Defendant asks the Court "to dismiss the Indictment, which charges the Defendant in Counts I and III with possession of a firearm while being an unlawful user of marijuana, in violation of 18 U.S.C. § 922(g)(3)." (Doc. 39 at 1.) In support, Defendant claims that 18 U.S.C. § 922(g)(3) "is unconstitutional in light of the U.S. Supreme Court's recent ruling in *New York State Rifle and Pistol Association v. Bruen*, 142 S. Ct. 2111 (2022)." *Id.* The

1

Government filed Suggestions in Opposition to the Motion and Defendant filed Reply Suggestions in support. (Docs. 48, 50.)

**II.     Applicable Law**

The Second Amendment provides that "[a] well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. In *New York State Rifle & Pistol Association, Inc. v. Bruen*, the Supreme Court held, as it did in preceding cases *District of Columbia v. Heller* and *McDonald v. City of Chicago, Ill.*, that the Second Amendment "protect[s] an individual's right to carry a handgun for self-defense outside the home." *Bruen*, 142 S. Ct. 2111, 2122 (2022); *see also Heller*, 554 U.S. 570, 580–81 (2008) (holding that there is a "strong presumption that the Second Amendment right is exercised individually and belongs to all Americans" not just an "organized militia"); *McDonald*, 561 U.S. 742, 789–91 (2010) (holding "that the Due Process Clause of the Fourteenth Amendment incorporates the Second Amendment right recognized in *Heller*").

In light of the Court's opinions in *Heller* and *McDonald*, Courts of Appeals developed a two-step approach when analyzing Second Amendment challenges. First in this test, "the government may justify its regulation by establishing that the challenged law regulates activity falling outside the scope of the right as originally understood." *Bruen*, 142 S. Ct. at 2126 (cleaned up). Second in this test, courts "analyze how close the law comes to the core of the Second Amendment right and the severity of the law's burden on that right." *Id.* (cleaned up).

In *Bruen*, the Supreme Court directly rejected this two-step approach, stating that "[d]espite the popularity of this two-step approach, it is one step too many" as "the Courts of Appeals' second step is inconsistent with *Heller*'s historical approach and its rejection of means-end scrutiny." *Id.* at 2126–29 (cleaned up). Rather, the Court set forth an approach consistent

with *Heller* that courts should be using when determining the constitutionality of a statute under the Second Amendment. First, a court must first ask whether "the Second Amendment's plain text covers an individual's conduct." *Id.* at 2129–30. If so, "the Constitution presumptively protects that conduct," and as such the analysis continues to the second prong. *Id.* at 2130. When the first prong is satisfied, "[t]he government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." *Id.* "Only then may a court conclude that the individual's conduct falls outside the Second Amendment's unqualified command." *Id.* (cleaned up).

### III. Discussion

Under 18 U.S.C. § 922(g)(3), it is unlawful for any person to possess a firearm if he or she "is an unlawful user of or addicted to any controlled substance." 18 U.S.C. § 922(g)(3). Defendant argues that § 922(g)(3) violates the Second Amendment, facially and as applied, in light of *Bruen*, because the Government cannot demonstrate that prohibiting such conduct is consistent with the Nation's historical tradition of firearm regulation. (Doc. 39 at 1.) The Government argues that Defendant cannot establish that § 922(g)(3) is unconstitutional, either on its face or as applied, because "(1) this regulation is consistent with America's historical tradition of firearm regulation, (2) controlling Eighth Circuit precedent holds that § 922(g)(3) is constitutional, and (3) section 922(g)(3) comports with the Second Amendment under the standard set out by [*Bruen*]." (Doc. 48 at 1.) The Court addresses the parties' arguments below.

#### a. Defendant's As-Applied Challenge Must Be Held in Abeyance Until After a Trial

Defendant's as-applied challenge is premature and should not be ruled upon until after a trial, as his challenge would require resolution of factual issues squarely within the jury's purview. Under Federal Rule of Criminal Procedure 12(b)(1), a defendant "may raise by pretrial

motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). The Eighth Circuit has held that "[g]ood cause exists and a decision should be deferred if disposing of the pretrial motion requires making factual determinations that fall within the province of the ultimate finder of fact." *United States v. Turner*, 842 F.3d 602, 605 (8th Cir. 2016).

Defendant argues that he is not a "user" of controlled substances because there is no evidence that he used marijuana when his vehicle was stopped and guns were found on October 22, 2022.[1] (Doc. 39 at 3). Specifically, Defendant claims that "[h]e did not admit to being in possession of marijuana that day, he did not admit to smoking it that day, and the officer took no action to determine if he was a user or under the influence of marijuana." *Id.* As such, the factual issues in dispute here, including the extent and timing of his drug use, must be decided by a jury at trial. *See Turner*, 842 F.3d at 605 ("In order to rule on Turner's as applied constitutional challenge, the district court therefore had to determine whether he had engaged in 'regular drug use' at the time he possessed the firearm."). Therefore, the undersigned finds that Defendant's as-applied Second Amendment challenge should be held in abeyance pending trial. The Court now turns to Defendant's a facial challenge to § 922(g)(3).

### b. Controlling Eighth Circuit Precedent Holds that § 922(g)(3) is Constitutional

This Court is not at liberty to depart from Eighth Circuit's controlling precedent "until overruled by [the] court en banc, by the Supreme Court, or by Congress." *M.M. ex rel. L.R. v. Special Sch. Dist. No. 1*, 512 F.3d 455, 459 (8th Cir. 2008). The Eighth Circuit has already rejected a facial Second Amendment challenge to § 922(g)(3), holding "that § 922(g)(3) is the

---

[1] During a traffic stop on October 2022, with Defendant and other passengers in the car, "the officer smelled marijuana and searched the vehicle, but found no marijuana" and Defendant "said that he was a 'user of it every other week.'" (Docs. 39 at 3).

4

Case 6:23-cr-03004-SRB     Document 57     Filed 09/11/23     Page 4 of 9

type of longstanding prohibition on the possession of firearms that *Heller* declared presumptively lawful." *United States v. Seay*, 620 F.3d 919, 925 (8th Cir. 2010) (cleaned up). If *Seay* remains valid after *Bruen*, it thus remains controlling precedent that this Court should follow.

In *Seay*, the Eighth Circuit identified many cases in which the constitutionality of § 922(g)(3) had been upheld in other circuit and district courts, but none in which it was struck down. The court ultimately reasoned that:

> Nothing in Seay's argument convinces us that we should depart company from every other court to examine § 922(g)(3) following *Heller*. Further, § 922(g)(3) has the same historical pedigree as other portions of § 922(g) which are repeatedly upheld by numerous courts since *Heller*. *See* Gun Control Act of 1968, Pub.L. No. 90–618, 82 Stat. 1213. Moreover, in passing § 922(g)(3), Congress expressed its intention to "keep firearms out of the possession of drug abusers, a dangerous class of individuals." *United States v. Cheeseman*, 600 F.3d 270, 280 (3d Cir. 2010), *pet. for cert. filed*, 78 U.S.L.W. 3731 (U.S. June 1, 2010) (No. 09–1470). As such, we find that § 922(g)(3) is the type of "longstanding prohibition[] on the possession of firearms" that *Heller* declared presumptively lawful. *See* 128 S. Ct. at 2816–17. Accordingly, we reject Seay's facial challenge to § 922(g)(1) [sic].

*Seay*, 620 F.3d at 925. Although, *Seay* did not expressly engage in the sort of historical analysis that *Bruen* requires, nothing in *Bruen* expressly repudiates the holding of *Seay*, as *Seay* did not engage in the means-end scrutiny that *Bruen* directly rejects.

Furthermore, Defendant has failed to show that *Seay* is no longer controlling law, even after *Bruen*. Defendant argues that *Seay* is no longer controlling, because it was decided under *Heller* and "[t]his analysis is of course now in question as the court in Bruen rejected the two-step analysis articulated in *Heller*." (Doc. 50 at 2–3.) However, as discussed above, the *Heller* Court did not create the two-step analysis that *Bruen* rejects, but rather the Circuit Courts created the two-step test focused on means-end scrutiny in light of *Heller*. *Bruen*, 142 S. Ct. at 2129 ("In sum, the Courts of Appeals' second step is inconsistent with *Heller*'s historical approach and its rejection of means-

end scrutiny."). The Supreme Court uses *Bruen* "[t]o show why *Heller* does not support applying means-end scrutiny." *Id.* at 2127.

Defendant also argues that *Seay* only "extended the analysis to 'keeping firearms out of the possession of drug *abusers*, a dangerous class of individuals,'" arguing that the holding does not apply to Defendant who is an alleged *user* not abuser of drugs. (Doc. 50 at 3.) However, the Eighth Circuit rejected a facial constitutional challenge to the entirety of § 922(g)(3), which "makes it unlawful for anyone 'who is an unlawful *user* of or addicted to any controlled substance' to possess a firearm." *Seay*, 620 F.3d at 924–25 (emphasis added). The undersigned finds that *Bruen* did not invalidate or supersede *Seay*, and as such the undersigned concludes that § 922(g)(3) is constitutional on its face, consistent with Eighth Circuit precedent.

### c. Section § 922(g)(3) comports with the Second Amendment Under the Standard Set out in *Bruen*

Even if Seay did not remain controlling law after *Bruen*, § 922(g)(3) would still be constitutional on its face under the standard set out in *Bruen*. Under *Bruen*, the threshold question a court must address is whether the statute in question regulates conduct protected by the Second Amendment. *See Bruen* 64 F.4th at 2129–30. The Second Amendment is the "the right of the people," and as such we must first determine what is meant by the phrase "the people." *See United States v. Sitladeen*, 64 F.4th 978, 985 (8th Cir. 2023) (analyzing, post-*Bruen*, whether 18 U.S.C. § 922(g)(5)(A), prohibiting unlawfully present aliens from possessing firearms, is constitutional under the Second Amendment).

A review of *Heller*, *Bruen*, and *Sitladeen* indicates that "the people" pertains to law-abiding citizens. In *Sitladeen*, post-*Bruen*, the Eighth Circuit held "unlawful aliens are not part of 'the people' to whom the protections of the Second Amendment extend." *Id.* at 987 (concluding that "Sitladeen's contention that § 922(g)(5)(A) violates the Second Amendment cannot prevail"). In *Bruen* the Supreme Court repeatedly emphasized that the Second Amendment protects the right of a "law-abiding citizen" to keep and bear arms, often citing *Heller*. *Bruen*, 142 S. Ct. at 2122, 2125, 2131, 2133–34, 2135 n.8, 2138, 2150, 2156 ("It is undisputed that petitioners Koch and Nash—two ordinary, law-abiding, adult citizens—are part of 'the people' whom the Second Amendment protects." (citing *Heller*, 554 U.S. at 580)). By definition, an unlawful user of controlled substances is not a law-abiding citizen, and, as such is not considered within the scope of "the people." Therefore, an unlawful user's right to possess a firearm is not protected by the Second Amendment. As such, the undersigned finds that § 922(g)(3) does not regulate conduct protected by the Second Amendment, failing to meet the first requirement set out in the *Bruen* standard. Although the analysis can stop here, the undersigned will proceed to analyze the second step set out in *Bruen*.

Notwithstanding the plain text requirement, Defendant's argument still fails as § 922(g)(3) is consistent with the Nation's historical tradition. Defendant argues that "[t]here are no 'distinctly similar' regulations . . . [as] history of barring firearm possession by those who use or are addicted to controlled substances (or narcotics in general) is limited and relatively recent." (Doc. 39 at 6.) However, the Supreme Court in *Bruen*, emphasized that "analogical reasoning requires only that the government identify a well-established and representative historical analogue, not a historical *twin*." *Bruen*,

7

Case 6:23-cr-03004-SRB    Document 57    Filed 09/11/23    Page 7 of 9

64 F.4th at 2133. The Court further noted that "even if a modern-day regulation is not a dead ringer for historical precursors, it still may be analogous enough to pass constitutional muster." *Id.*

Post-*Bruen*, the Eighth Circuit affirmed the constitutionality of § 922(g)(1), prohibiting possession of firearms by convicted felons. *United States v. Jackson*, 69 F.4th 495, 505–06 (8th Cir. 2023). In doing so, the court recognized the relevant historical tradition of firearms regulation in the United States as including prohibiting "categories of persons [from possessing firearms] based on a conclusion that the category as a whole presented an unacceptable risk of danger if armed." *Id.* at 504. The court reiterated *Bruen*'s conclusion that "the Constitution can, and must, apply to circumstances beyond those the Founders specifically anticipated." *Id.* (quoting *Bruen* 64 F.4th at 2132). The court concluded that felons are a category of "persons who deviated from legal norms or persons who presented an unacceptable risk of dangerousness," ultimately holding that § 922(g)(1) is consistent with the historical tradition of firearms regulation and did not violate the Second Amendment. *Jackson*, 69 F.4th at 505.

In a recent case in the Western District of Missouri, District Judge Roseann Ketchmark, adopting Judge Lajuana Counts' Report and Recommendation, applied the *Jackson* holding in determining whether § 922(g)(3) is consistent with the Nation's historical tradition. Agreeing with her conclusion, the undersigned finds that although "*Jackson* considered a different subsection of § 922(g) than is at issue here . . . the historical tradition recognized by the Eighth Circuit in *Jackson*" leads to the conclusion that "§ 922(g)(3) does not violate the Second Amendment inasmuch as it prohibits possession of firearms as to a category of persons who, at a minimum, present an

unacceptable risk of dangerousness." *Untied States v. Striplin*, 2023 WL 4850753, at *1 (W.D. Mo. July 28, 2023) (cleaned up).

IV. Conclusion

For the foregoing reasons, as to Defendant's Motion to Dismiss the Indictment Based on the Unconstitutionality of 18 U.S.C. § 922(g)(3) with Brief in Support, it is hereby **RECOMMENDED** that Defendant's facial challenge be **DENIED** outright and that Defendant's as-applied challenged be **DENIED** as premature.

/s/ *David P. Rush*
DAVID P. RUSH
UNITED STATES MAGISTRATE JUDGE

DATE: September 11, 2023